```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

EDNA LOWERY,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )     No. 4:09 CV 1077 RWS
                                      )                      DDN
MICHAEL J. ASTRUE,                    )
Commissioner of                       )
Social Security,                      )
                                      )
            Defendant.                )

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the court is the motion of defendant Michael J. Astrue, Commissioner of Social Security for a reversal of the decision of the Administrative Law Judge and for a remand of the action for further proceedings before the Appeals Council. (Doc. 12.) Plaintiff partially objects to the motion.

Defendant argues that the ALJ found that plaintiff suffered from a gunshot wound, sleep apnea, major depressive disorder, and post traumatic stress disorder. The ALJ also found that plaintiff did not have a medically diagnosed impairment that limited her residual functional capacity, but found that she was limited to work that required limited interaction with others and that she was able to do her past relevant work as a certified nurse assistant. Defendant argues that the ALJ did not consider the requirements of work as a certified nurse assistant, which require almost constant contact with others. Therefore, defendant seeks a remand of the action to the Social Security Administration for the ALJ's consideration of plaintiff's duties as a certified nurse assistant, and other issues that will follow from the ALJ's reconsideration.

Plaintiff agrees that reversal and remand are appropriate, but that the record requires that the ALJ (1) reassess her residual functional capacity, (2) provide a narrative discussion pertaining to the evidence relevant to plaintiff's RFC, and (3) provide a function-by-function assessment of plaintiff's RFC.

While the court generally ought not dictate to the SSA the method of its decision-making, the suggestions by plaintiff to the extent recommended below relate to the ALJ's proper consideration of the record, as pointed out by the defendant.

For these reasons,

**IT IS HEREBY RECOMMENDED** that the motion of the defendant Commissioner of Social Security to reverse and remand this action (Doc. 12) be sustained.

**IT IS FURTHER RECOMMENDED** that this action be reversed and remanded to the Commissioner of Social Security under Sentence Four of 42 U.S.C. § 405(g) for further proceedings in which the Administrative Law Judge properly assesses plaintiff's past relevant work. The ALJ should (1) reassess plaintiff's residual functional capacity in light of the medical and other evidence; (2) provide a narrative discussion of the evidence supporting the ALJ's findings of plaintiff's RFC; and (3) provide a function-by-function assessment of plaintiff's RFC as it relates to plaintiff's past relevant work.

The parties are advised they have 14 days to file documentary objections to this Report and Recommendation. The failure to file timely documentary objections may waive the right to appeal issues of fact.

      /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on December 9, 2009.